Filed 5/18/16  P. v. Collier CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KEITH WINDELL COLLIER,<br><br>    Defendant and Appellant. | E065351<br><br>(Super.Ct.No. RIF75795)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky L. Dugan, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Keith Windell Collier is serving a prison sentence of nine years plus six consecutive 25-years-to-life terms after he and codefendants were convicted of numerous charges stemming from a "take-over" bank robbery and plans to commit a second, similar

1

robbery. He appeals from the superior court's order denying his petition under Penal Code section 1170.126 (Proposition 36).[1] We affirm.

<h2 style="text-align:center">STATEMENT OF PROCEDURE</h2>

After three trials and two appeals, defendant stands convicted of 16 felony charges: two counts of conspiracy to commit robbery (§§ 182/211); two counts of robbery (§ 211); two counts of assault with a deadly weapon (§ 245, subd. (a)(2)); three counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851); three counts of receiving stolen property (§ 496); two counts of being a felon in possession of a firearm (§ 12021, subd. (a)(1)); and two counts of carrying a concealed firearm. Defendant's sentence was enhanced with a number of additional allegations that were admitted or found true, including prior strike convictions (§§ 667, subds. (c) & (e), and 1170.12, subd. (c)) and gang enhancements (§ 186.22, subd. (b)(1)).[2]

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act of 2012. Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section

---

[1] Section references are to the Penal Code unless otherwise indicated.

[2] As is important to this appeal, fifteen of the sixteen convictions were found to be committed in association with a criminal street gang (§ 186.22, subd. (b)(1)). The one exception is count 18, one of the convictions for carrying a concealed firearm. The People did not allege the gang enhancement as to count 18.

1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f) & (g).)

On September 1, 2015, defendant filed a petition to recall portions of his sentence "for his offenses that are neither serious [n]or violent" pursuant to section 1170.126. Specifically, defendant asked for resentencing on the three convictions for unlawfully driving or taking a vehicle and the two convictions for being a felon in possession of a firearm.

At the hearing held on January 16, 2016, the parties agreed that defendant was ineligible for resentencing on the convictions for driving or taking a vehicle and being a felon in possession of a firearm.  This is because each of those convictions had attached to it a gang enhancement under section 186.22, subdivision (b)(1), thus making defendant ineligible for resentencing on those counts under sections 1170.126, subdivision (e)(1) and 1192.7, subd. (c)(28).  However, defense counsel stated defendant should be eligible for resentencing for the one conviction that did not have the gang enhancement attached to it — one of the two carrying a concealed firearm convictions, count 18.[3]  The People asked to be put on second call so the prosecutor could review the facts of the case.  After reviewing the opinion of this Court in case number E033956 (*People v. Howard* (June 10, 2005, E033956) [non pub. opn.]) the prosecutor told the court "Your Honor, it appears that when they were stopped, there were three passengers in the minivan.  Collier is laying in the backseat, and there were three guns found in the minivan."  Based on these

_____

[3]  Defendant received a concurrent term for count 18, so the granting of his petition would not shorten his total sentence.

3

facts in the record, the court concluded defendant was not eligible for resentencing under Proposition 36 "because clearly in the van three firearms, four people is clearly accessible for offensive or defensive purposes." The court denied the petition.

Defendant filed a timely notice of appeal on February 4, 2016.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his supplemental brief, defendant argues the court made its finding of ineligibility based on facts that were not pled and proven beyond a reasonable doubt, citing *People v. Johnson* (2015) 61 Cal.4th 674 and other cases. However, case law is clear that, regarding petitions for resentencing under section 1170.126, disqualifying factors under Proposition 36 need not be pled and proven to a jury beyond a reasonable doubt. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 792, *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1062-1063) An inmate convicted of possessing a firearm, rather than being armed with it, is disqualified from resentencing under Proposition 36 where the facts show he had the firearm available for immediate use. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1032.) Further, despite defendant's assertion to the contrary, "this court's unpublished opinion in defendant's prior underlying appeal is

4

sufficient evidence of the record of conviction." (*People v. Brimmer, supra,* 230 Cal.App.4th at p. 800.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

MILLER
J.